# WINTER SESSIONS,

## 1907.

SIDNEY L. HEIDELBAUGH *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Case—Injuries to Person and Property—Railway Company—Frightening Horse of Plaintiff—Negligence—Damages.*

1.  No presumption of negligence on the part of the defendant company arises from the mere fact that the plaintiff or his property were injured by the car of the defendant. The burden of proving it rests upon the plaintiff.

2.  If a motorman in charge of a car sees, or by the exercise of due diligence might have seen, a frightened and unmanageable horse attached to a vehicle on the street near the railway in front of his car, it is his duty to use every reasonable means in his power to prevent a collision with such horse and vehicle; and for this purpose it is his duty, in due time, to check the speed of his car, or stop it entirely, if it be necessary so to do to avoid a collision, and if he fails to do so, he is guilty of negligence, and the company whose servant he is, is liable for any injury occasioned by such negligence.

3.  If, on the other hand, the motorman under these circumstances, in due time, uses all the means within his power to check or stop the car, and he is not able to do so by reason of the slippery condition of the track, the steep incline of the track or other cause beyond his control, he is not guilty of negligence.

4.  Measure of damages.

*(January 8, 1907.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*J. Harvey Whiteman* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, November Term, 1906.

ACTION ON THE CASE (No. 42, February Term, 1906).

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action is brought for the recovery of damages for injuries to the person and property of the plaintiff occasioned by a collision between an electric street car of the defendant company and a market wagon of the plaintiff,

caused, as the plaintiff alleges, by the negligence of the servant or servants of the defendant having charge of said car.

The said collision occurred on the twenty-fifth day of October, 1905, on west Sixth Street between Madison and Jefferson streets, in the City of Wilmington.

The said car was running westerly at the time of the accident, and then, or immediately before that time, the said horse and wagon were headed easterly.

The plaintiff claims that her horse was frightened by the approaching car and became unmanageable—backing the wagon for some distance, and finally upon the railway track; and that the motorman of the car saw, or by the exercise of due care might have seen, the danger of a collision in time to have avoided it; but that he negligently omitted to do so, whereby the car struck the wagon, throwing out the plaintiff and her daughter and injuring the plaintiff, and damaging her wagon, horse and harness.

It is not contended by the defendant that the collision was caused by the negligence of the plaintiff; or that any act or omission of the plaintiff, or of her daughter, the driver of the wagon, in any way contributed to the collision.

Your inquiry is thus narrowed to the single question whether the injuries complained of were caused by the negligence of the defendant company or any of its servants or agents.

Negligence is the failure to use such care as a reasonable and prudent man would or should use under similar circumstances.

There can be no recovery in this case unless you are satisfied from the evidence that the injuries complained of, or some of them, were occasioned by the negligence of the defendant company or its servant or servants.

No presumption of negligence on the part of the defendant arises from the mere fact that the plaintiff or her property were injured by a car of the defendant. The burden of proving negligence on the part of the defendant rests upon the plaintiff.

The said West Sixth street is a public street of the City of Wilmington and the defendant at the time of the accident had

the right to use, for the operation of its railway, the part of said street where said accident occurred. The right of the defendant company and the right of the public to use said street must be exercised with due regard to the right of the other, and in such a manner as not unreasonably to abridge or interfere with the right of the other.

The degree of care and diligence required of the users of a public street will vary according to the circumstances of each particular case. Where the danger is great a corresponding increase of care is required.

If a motorman in charge of a car sees, or by the exercise of due diligence might have seen, a frightened and unmanageable horse attached to a vehicle on the street near the railway in front of his car, it is his duty to use every reasonable means in his power to prevent a collision with such horse and vehicle; and for this purpose it is his duty, in due time, to check the speed of his car, or stop it entirely, if it be necessary so to do to avoid a collision, and if he fails to do so, he is guilty of negligence, and the company whose servant he is, is liable for any injury occasioned by such negligence.

If, on the other hand, the motorman under these circumstances, in due time, uses all the means within his power to check or stop the car, and he is not able to do so by reason of the slippery condition of the track, the steep incline of the track or other cause beyond his control, he is not guilty of negligence.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

If you shall be satisfied from the evidence that the injuries complained of by the plaintiff were occasioned by the negligence of the defendant company, or of its servants, or agents, or any of them, your verdict should be for the plaintiff for such sum as will reasonably compensate her for the injuries to her person, her horse, wagon and harness. For this purpose, you should take into consideration the plaintiff's pain and suffering and her loss of power to perform labor in the past and in the future, which you may find to be the result of the injuries sustained by

her; also the expenses for medicines, medical and hospital attendance paid by her on account of such injuries; and if such injuries are of a permanent character, you should consider that also in determining the amount of her damages.

Verdict for defendant.